UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANKLIN B. ABERNATHY,<br>      Plaintiff,<br><br>      v.<br><br>THOMAS DICKHAUT, ET AL.,<br>      Defendants. | )<br>)<br>)<br>) CIVIL ACTION NO. 10-11504-MLW<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                           November 18, 2011

I. INTRODUCTION

Now before this Court is plaintiff Franklin Abernathy's ("Abernathy") Motion Not to Dismiss Complaint for Failure To Comply with Order for Payment of Prisoner Fee (Docket No. 11). In that motion, Abernathy alleges that he cannot afford to pay the $67.16 initial partial filing fee previously assessed by this court pursuant to 28 U.S.C. § 1915(b). See Memorandum and Order (Docket No. 5 at 4). He asks this court not to dismiss this action because of his inability to pay the fee, and also seeks a waiver of that assessment. Accompanying his motion was an Affidavit (Docket No. 11-1) attesting to his indigency. For the reasons described below, this motion is being denied. However, the time for payment of the initial partial filing fee is being postponed.

II. DISCUSSION

In enacting the Prison Litigation Reform Act ("PLRA"), Congress has left little discretion to the courts with regard to the payment of filing fees. Under 28 U.S.C. § 1915(b), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of

a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added). Accordingly, this court is required to assess an initial partial filing payment and collect subsequent payments on an incremental basis "until the filing fees are paid." 28 U.S.C. § 1915(b)(1), (2). See <u>Purkey v. Green</u>, 28 Fed. Appx. 736, 746 (10th Cir. 2001)("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits."); <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 607 (6th Cir. 1997)("Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent dismissal of the case does not negate this financial responsibility." (internal citation omitted)), <u>overruled on other grounds by</u> <u>Jones v. Bock</u>, 549 U.S. 199 (2007).

One of the purposes of the filing fee requirement of the PLRA - to reduce frivolous lawsuits - would be frustrated if a prisoner were able to obtain a waiver of the filing fee in whole or part. <u>See</u> <u>Crawford-El v. Britton</u>, 523 U.S. 574, 596 (1998)("The Prison Litigation Reform Act, Pub.L. 104-134, 110 Stat. 1321, enacted in April 1996, contains provisions that should discourage prisoners from filing claims that are unlikely to succeed. Among the many new changes relating to civil suits, the statute requires all inmates to pay filing fees . . . ."); <u>Hall v. United States</u>, 91 Fed. Cl. 762, 768 (2010)("By enacting section 1915, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or

repetitive lawsuits." (internal quotation marks omitted)); Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003)(fee provisions of the PLRA are intended "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees" (internal quotation marks omitted)).

In light of this, the court lacks authority to dispense with a prisoner filing fee, and therefore Abernathy's request for a waiver of the initial partial filing fee will be denied. Nevertheless, the court will not dismiss this action based on Abernathy's present inability to pay the initial partial filing fee. Section 1915(b)(1) of Title 28 mandates assessment of the filing fee, but provides for collection of the assessed fee "when funds exist." 28 U.S.C. § 1915(b)(1). Accordingly, Abernathy's motion not to dismiss this action for failure to pay the initial partial assessment now is being allowed.

III. CONCLUSION

Based on the foregoing, it is hereby Ordered that plaintiff's Motion Not to Dismiss Complaint for Failure To Comply with Order for Payment of Prisoner Fee (Docket No. 11) is DENIED as to the request for a waiver of the initial partial filing fee, and ALLOWED as to the request not to dismiss based on failure to pay the initial partial filing fee immediately.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE