UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANKLIN B. ABERNATHY,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>THOMAS DICKHAUT, ET AL.,<br>　　　　Defendants. | )<br>)<br>)<br>) CIVIL ACTION NO. 10-11504-MLW<br>)<br>)<br>) |

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.　　　　　　　　　　　　　　　　　　　November 18, 2011

On February 4, 2011, this court issued a Memorandum and Order (Docket No. 5) directing plaintiff Franklin Abernathy ("Abernathy") to show good cause in writing why his claims against all defendants (except for court officers John Does 4, 5, and 6, and Dr. Enaw) should not be dismissed, or to file an Amended Complaint curing the pleading deficiencies.

To date, plaintiff has failed to demonstrate good cause, or to file an Amended Complaint as directed. Rather, plaintiff has filed four motions seeking discovery of non-parties and service of the subpoenas by the United States Marshal Service. The subpoena requests appear, in part, to seek discovery relating to the true identity of the defendant John Doe court officers. It is unclear, however, why plaintiff needs a subpoena with respect to medical records of Health Alliance Hospital Medical Records Department in Leominster, Massachusetts. Moreover, it is unclear whether Abernathy is able to obtain the medical records concerning his own medical care absent a subpoena. To the extent that he seeks subpoenas to avoid copying costs, that is not a sufficient basis

...

...

for the issuance of a subpoena and for service of the subpoena at the government's expense. Accordingly, it is hereby ORDERED that plaintiff's two Motions for the issuance of subpoenas with respect to court records (Motion Nos. 7 and 8) are ALLOWED and the Motion with respect to medical records (Motion No. 10) is DENIED without prejudice. Plaintiff's Motion for an Order for the United States Marshal to serve the subpoena and to advance the costs of service (Docket No. 9) is ALLOWED only to the extent of service of subpoenas that are the subject of Motion Nos. 7 and 8, and only in accordance with the parameters regarding subpoenas set forth in Federal Rule of Civil Procedure 45.

Further, Rule 45(a)(3) provides that when so requested, a Clerk shall issue a subpoena, signed but otherwise in blank. Plaintiff is advised that he, and not the Clerk, is responsible for completing each subpoena, and providing the service information to the United States Marshal.

Next, for the failure of plaintiff to demonstrate good cause or to file an Amended Complaint as directed, it is hereby ORDERED that all claims against all defendants except for court officers John Does 4, 5, and 6, and Dr. Enaw are DISMISSED without prejudice.

Finally, plaintiff shall file an Amended Complaint within 90 days with respect to the claims against the unidentified court officers and Dr. Enaw, failing which, this action may be dismissed

for the issuance of a subpoena and for service of the subpoena at the government's expense. Accordingly, it is hereby ORDERED that plaintiff's two Motions for the issuance of subpoenas with respect to court records (Motion Nos. 7 and 8) are ALLOWED and the Motion with respect to medical records (Motion No. 10) is DENIED without prejudice. Plaintiff's Motion for an Order for the United States Marshal to serve the subpoena and to advance the costs of service (Docket No. 9) is ALLOWED only to the extent of service of subpoenas that are the subject of Motion Nos. 7 and 8, and only in accordance with the parameters regarding subpoenas set forth in Federal Rule of Civil Procedure 45.

Further, Rule 45(a)(3) provides that when so requested, a Clerk shall issue a subpoena, signed but otherwise in blank. Plaintiff is advised that he, and not the Clerk, is responsible for completing each subpoena, and providing the service information to the United States Marshal.

Next, for the failure of plaintiff to demonstrate good cause or to file an Amended Complaint as directed, it is hereby ORDERED that all claims against all defendants except for court officers John Does 4, 5, and 6, and Dr. Enaw are DISMISSED without prejudice.

Finally, plaintiff shall file an Amended Complaint within 90 days with respect to the claims against the unidentified court officers and Dr. Enaw, failing which, this action may be dismissed

for the issuance of a subpoena and for service of the subpoena at the government's expense. Accordingly, it is hereby ORDERED that plaintiff's two Motions for the issuance of subpoenas with respect to court records (Motion Nos. 7 and 8) are ALLOWED and the Motion with respect to medical records (Motion No. 10) is DENIED without prejudice. Plaintiff's Motion for an Order for the United States Marshal to serve the subpoena and to advance the costs of service (Docket No. 9) is ALLOWED only to the extent of service of subpoenas that are the subject of Motion Nos. 7 and 8, and only in accordance with the parameters regarding subpoenas set forth in Federal Rule of Civil Procedure 45.

Further, Rule 45(a)(3) provides that when so requested, a Clerk shall issue a subpoena, signed but otherwise in blank. Plaintiff is advised that he, and not the Clerk, is responsible for completing each subpoena, and providing the service information to the United States Marshal.

Next, for the failure of plaintiff to demonstrate good cause or to file an Amended Complaint as directed, it is hereby ORDERED that all claims against all defendants except for court officers John Does 4, 5, and 6, and Dr. Enaw are DISMISSED without prejudice.

Finally, plaintiff shall file an Amended Complaint within 90 days with respect to the claims against the unidentified court officers and Dr. Enaw, failing which, this action may be dismissed

without prejudice. Upon the filing of an Amended Complaint, plaintiff may request the issuance of summonses and standard forms for service to be effected by the United States Marshal Service.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE