UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANKLIN B. ABERNATHY,            )
             Plaintiff,           )
                                  )
        v.                        )        C.A. No. 10-11504-MLW
                                  )
THOMAS DICKHAUT, ET AL.,          )
             Defendants.          )


MEMORANDUM AND ORDER

WOLF, D.J.                                        June 28, 2013

I.   BACKGROUND

Pro se plaintiff Franklin B. Abernathy, who is incarcerated
and proceeding in forma pauperis, initiated this civil rights
action in 2010 alleging that the defendants were deliberately
indifferent to his serious medical needs in violation of the Eighth
Amendment to the United States Constitution.  The court previously
summarized Abernathy's factual allegations in a February 4, 2011
Order.  The Complaint originally included sixteen defendants.[1]  The
February 4, 2011 Order directed Abernathy to show cause why his
claims against certain defendants should not be dismissed.  On
November 18, 2011, the court found that Abernathy had failed to
show cause with respect to all defendants except John Does 4, 5,
and 6, and Dr. Augustine Enaw.  The court dismissed all claims

_____

[1] The defendants were: Thomas Dickhaut; Anthony Mendonsa;
Robert J. Blood; James Gearin; John Doe No. 1; John Doe No. 2; John
Doe No. 3; University of Massachusetts School of Medicine; UMass
Correctional Health, Inc.; Russell Phelps; Augustine Enaw; Jane Doe
No. 1; Jane Doe No. 2; Jane Doe No. 4; Jane Doe No. 5; Jane Doe No.
6.

against the other twelve defendants, and ordered Abernathy to file
an amended complaint addressing the claims against the four
remaining defendants.  See Nov. 18, 2011 Order at 2-3.

On February 6, 2012, Abernathy filed a First Amended Complaint
that is now the operative pleading in this case.  See Sept. 25,
2012 Order at 3.  The First Amended Complaint, among other things,
added two defendants.  One was UMass Correctional Health, Inc.
("UMCH"), which had been dismissed without prejudice as a defendant
previously.  See Nov. 18, 2011 Order, Feb. 4, 2011 Order.  The
other was UMCH's purported medical director, Alfred De'Maria.  See
Amended Complaint ¶¶4, 5.  On September 25, 2012, the court
authorized the issuance of summonses as to the five defendants
named in the First Amended Complaint: UMCH; Alfred De'Maria; Dr.
Augustine Enaw; Officer Marc Wedgeworth; and Officer Vance Morgan.
The court provided the plaintiff 120 days from September 25, 2012
to complete service by the United States Marshals Service and to
file returns of service.  Abernathy did not file returns of service
with respect to UMCH or De'Maria.  Returns of service were filed
with respect to Wedgeworth and Morgan, Massachusetts court security
officers.  However, the returns of service concerning them state
that "Anthony Festa - Assistant Chief" was the individual served.
See Returns of Service (Docket Nos. 26, 27).  With regard to Enaw,
Abernathy apparently attempted to serve him by directing the United

2

States Marshals Service to serve De'Maria as Enaw's agent. This effort was unsuccessful. The unexecuted return of service for Enaw states, "[Unintelligible] with Dept of Public Health not UMass." Id. Return of Service (Docket No. 25).

Abernathy has now filed several motions in which he seeks to file a Second Amended Complaint substituting Thomas Groblewski for Alfred De'Maria as medical director of UMCH, and to add certain claims. Abernathy has also filed a Declaration of Default with respect to Wedgeworth and Morgan.

For the reasons explained below, the court is denying Abernathy's Motion for Leave to File a proposed Second Amended Complaint, and is denying his various motions related to service of the Second Amended Complaint on the defendants by the United States Marshals Service. The court is also dismissing De'Maria and UMCH as defendants because Abernathy failed to serve them within 120 days of the September 25, 2012 Order. However, the court may reinstate the claims against them if it is shown that the Marshals Service, rather than Abernathy, is responsible for the failure to serve them or file returns of service. In addition, the court is directing the Marshals Service to file an affidavit explaining the attempts it made to serve Wedgeworth, Morgan, and Enaw, and is ordering Abernathy to file an affidavit and memorandum seeking to show cause why these defendants should not be dismissed for failure

to effect proper service.   The court is also denying without
prejudice Abernathy's Declaration of Default and his two motions
for appointment of counsel.

## II. DISCUSSION

    A. <u>Dismissal of UMass Correctional Health and Alfred De'Maria</u>

    The September 25, 2012 Order stated that "the plaintiff shall
have 120 days from the date of this Memorandum and Order to
complete Service and file returns of service."   No returns of
service have been filed with respect to UMass Correctional Health,
Inc. or Alfred De'Maria.   This suggests that Abernathy did not ask
the Marshals to serve these putative defendants.   Accordingly, the
court is dismissing all claims against them.   <u>See</u> Fed. R. Civ. P.
41(b) (dismissal for failure to comply with a court order);
<u>Cintron-Lorenzo v. Departamento de Asuntos del Consumidor</u>, 312 F.3d
522, 525-26 (1st Cir. 2002) ("A district court, as part of its
inherent power to manage its own docket, may dismiss a case sua
sponte for any of the reasons prescribed in Fed. R. Civ. P.
41(b).").   These claims may, however, be reinstated if the
affidavit to be submitted by the Marshals Service indicates that
it, rather than Abernathy, should be held responsible for the
failure to serve these defendants or file returns of service.

B. Motion for Leave to File Second Amended Complaint

Abernathy has filed a Motion for Leave to File a Second Amended Complaint, in which he would: (1) add claims under the Americans with Disabilities Act, the Rehabilitation Act, and Article 26 of the Massachusetts Declaration of Rights; and (2) substitute Thomas Groblewski for Alfred De'Maria as medical director of defendant UMCH.

Abernathy may not amend his First Amended Complaint as a matter of right. See Fed. R. Civ. P. 15(a)(1) (21 days). Under Federal Rule of Civil Procedure 15(a)(2), a party who may not amend his complaint pleading as a matter of right may amend only with the opposing party's written consent or leave of court, and "[t]he court should freely give leave when justice so requires." See Fed. R. Civ. P. 15(a)(2). However, a motion to amend may be denied for, among other things, "undue delay" and "repeated failure to cure deficiencies by amendments previously allowed." Torrian v. Davis, 371 U.S. 178, 182 (1968). The instant case has been pending for almost three years and there is no persuasive reason for adding new claims now. Moreover, for the reasons stated on pages 12-20 of the February 3, 2011 Order, Groblewski does not appear to be a proper defendant in this case. Abernathy has not set forth any factual basis for direct liability of Groblewski, but rather only states that Groblewski is Enaw's supervisor and can accept service on

behalf of Enaw.  The court, therefore, finds that the interests of justice do not require allowing Abernathy to amend his complaint again.  See Fed. R. Civ. P. 15(a)(2).

C. Service-Related Motions

In connection with his Motion to Amend, Abernathy has also filed a Motion for Free Summons and Service of Process Forms, a Motion to Make Second Service of Process of Summons and Complaint on Various Defendants, and a Motion for Enlargement of Time to Serve Summons and Second Amended Complaint.  Because the court is denying Abernathy's motion to file a Second Amended Complaint, these motions are being denied.  However, the court is directing the United States Marshals Service to file an affidavit describing the efforts that were made to serve defendants UMass Correctional Health, Inc., Alfred De'Maria, Dr. Augustine Enaw, Marc Wedgeworth, and Vance Morgan.  The affidavit shall address, among other things, what information Abernathy provided the United States Marshals Service concerning these defendants, and whether there was reason to believe that Anthony Festa was authorized to accept service on behalf of Wedgeworth and Morgan and that Alfred De'Maria was authorized to accept service on behalf of Enaw.  The court is also ordering Abernathy to file an affidavit and memorandum seeking to show cause why the case should not be dismissed against Enaw, Wedgeworth, and Morgan for failure to effect proper service within

120 days of the September 25, 2012 Order.  <u>See</u> Fed. R. Civ. P. 4(m).  He may also seek to show cause why the claims against UMCH and De'Maria should be reinstated.  If upon receiving these submissions the court is satisfied that Abernathy made reasonable efforts to serve Enaw, Wedgeworth, and/or Morgan, the court may allow Abernathy a second attempt at serving the First Amended Complaint on any or all of these defendants.  If the court is not satisfied that Abernathy has made such efforts, the court will dismiss this case as to these defendants.  <u>Cf.</u> Fed. R. Civ. P. 4(m).  The court will also consider whether the claims against UMCH and De'Maria should be reinstated.

    D.  <u>Declaration for Entry of Default</u>

After the September 25, 2012 Order was issued, the docket reflects that on November 13, 2012, the United States Marshals Service attempted to serve defendants Vance Morgan and Marc Wedgeworth by delivering the summons to "Anthony Festa – Assistant Chief" at the Suffolk Superior Trial Court, 1 Pemberton Square, Boston Massachusetts.  Neither Morgan nor Wedgeworth answered the Amended Complaint within 21 days or after that.  <u>See</u> Fed. R. Civ. P. 12(a).  Abernathy has filed a Motion for Default Judgment as to Morgan and Wedgeworth.  However, it is not clear whether Anthony Festa, the individual to whom the summons was delivered had the authority to accept service on behalf of Morgan and Wedgeworth.

See generally Boyd v. Rue, C.A. No. 09-10588-MLW, 2010 WL 3824106
(D. Mass. Sept. 27, 2010); Donnelly v. UMass Corr. Med. Program,
C.A. No. 09-11995-RGS, 2010 WL 1924700 (D. Mass. May 11, 2010).
Accordingly, the court is exercising its discretion not to enter
default judgments against Morgan and Wedgeworth at this time.
See 10A Charles A. Wright & Arthur R. Miller, Federal Practice and
Procedure §2685 (Supp. 2013).   Rather, Abernathy's Declaration of
Default is being denied without prejudice to possible
reconsideration after the court receives the submissions of the
United States Marshals Service and the plaintiff.

   E. Motions to Appoint Counsel

        Abernathy has filed two motions to appoint counsel, a motion
for a hearing on the motions to appoint counsel, and a motion for
a writ of habeas corpus ad testificandum.   The two motions for
appointment of counsel are in all relevant respects identical.
Abernathy argues that his ability to litigate this case is hampered
by his post-traumatic stress disorder, his anxiety disorder, and
his aggressive behavioral disorder.   He further argues that he is
"on awaiting action status in a restrictive housing unit" and has
no access to legal materials.

        A plaintiff in a civil case lacks a constitutional right to
free counsel.   DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir.
1991).   Under certain circumstances, however, the court "may

request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1).  To qualify for appointed counsel in a civil case, a party must be indigent and "exceptional circumstances" must exist such that denial of counsel is "likely to result in fundamental unfairness impinging on [the party's] due process rights."  See DesRosiers, 949 F.2d at 23.  To determine whether exceptional circumstances exist justifying the appointment of counsel, the court must examine the total situation, with a focus on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  See id. at 24.

In this case, the court allowed Abernathy's motion to proceed in forma pauperis, so he is indigent.  Because no defendant in this case has filed a response, however, the court is not yet able to assess the merits of the case or the complexity of the legal issues.  See DesRosiers, 949 F.2d at 23.  Moreover, despite his disorders, Abernathy has so far shown an ability to make coherent legal arguments and draft competent pleadings.  Therefore, exceptional circumstances meriting appointment of counsel are not now established.  See id.  Accordingly, the court is denying the motions to appoint counsel and the two related motions without prejudice to refiling if exceptional circumstances develop later in the litigation.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. All claims against defendants UMass Correctional Health, Inc. and Alfred De'Maria are DISMISSED without prejudice to possible reconsideration and reinstatement for good cause shown.

2. By July 30, 2013, the United States Marshals Service shall file an affidavit describing the efforts, if any, that were made to serve UMass Correctional Health, Inc., De'Maria, Dr. Augustine Enaw, Officer Marc Wedgeworth, and Officer Vance Morgan. The affidavit shall address, among other things, what information Abernathy provided the United States Marshals Service concerning each of these defendants, and whether there was reason to believe that Anthony Festa was authorized to accept service on behalf of Wedgeworth and Morgan and that Alfred De'Maria was authorized to accept service on behalf of Enaw.

3. By July 30, 2013, Abernathy shall file an affidavit and memorandum seeking to show cause why all claims against Dr. Enaw, Wedgeworth, and Morgan should not be dismissed for failure to effect proper service within 120 days of the September 25, 2012 Order, and why the claims against UMCH and De'Maria should be reinstated.

4. The plaintiff's Motion for Leave to File a Second Amended Complaint (Docket No. 30) is DENIED.

5. The plaintiff's Motion for Free Summons and Service of Process Forms (Docket No. 31) is DENIED.

6. The plaintiff's Motion to Make Second Service of Process of Summons and Complaint on Various Defendants (Docket No. 32) is DENIED without prejudice.

7. The plaintiff's Motion for Enlargement of Time to Serve Summons and Second Amended Complaint (Docket No. 34) is DENIED.

8. The plaintiff's Declaration for Entry of Default (Docket No. 35) is DENIED without prejudice to possible reconsideration after the court receives the submissions of the United States Marshals Service and the plaintiff.

9. The plaintiff's Motions to Appoint Counsel (Docket Nos. 33, 38) are DENIED without prejudice.

10. The plaintiff's Motion for Hearing on Motion for Appointment of Counsel Due to Plaintiff Mental Health Condition (Docket No. 41) is DENIED without prejudice.

11. The plaintiff's Motion for Habeas Corpus Ad-Testificandum (Docket No. 42) is DENIED without prejudice.


                    /s/ Mark L. Wolf
        UNITED STATES DISTRICT JUDGE