UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANKLIN B. ABERNATHY,         )
          Plaintiff,           )
                               )
     v.                        )    C.A. No. 10-11504-MLW
                               )
THOMAS DICKHAUT, ET AL.,       )
          Defendants.          )

MEMORANDUM AND ORDER

WOLF, D.J.                                      March 31, 2014

I. BACKGROUND

On August 27, 2010, plaintiff Franklin B. Abernathy, a prisoner then in custody at the Old Colony Correctional Center ("OCCC") in Bridgewater, Massachusetts, and currently a prisoner at the Souza-Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts, filed a self-prepared Complaint under 42 U.S.C. §1983 against various defendants, alleging deliberate indifference to his serious medical needs. See Compl. Abernathy subsequently filed a First Amended Complaint.

On September 25, 2012, the court authorized the issuance of summonses as to the five defendants named in the First Amended Complaint: UMass Correctional Health, Inc. ("UMCH"); Alfred De'Maria; Dr. Augustine Enaw; Court Officer Marc Wedgeworth; and Court Officer Vance Morgan. See September 25, 2012 Memorandum and Order ¶¶5-6. The court provided the plaintiff 120 days from September 25, 2012, to complete service by the United States

Marshals Service (the "USMS") and to file returns of service. Id. ¶7.

On June 28, 2013, the court, among other things, dismissed De'Maria and UMCH as defendants because Abernathy failed to serve them within 120 days of the September 25, 2012 Order. See June 28, 2013 Order ¶3. The claims against De'Maria and UMCH were, however, dismissed without prejudice to possible reconsideration and reinstatement for good cause shown. Id. More specifically, the court observed that the claims against De'Maria and UMCH may be reinstated if it is shown that the USMS, and not Abernathy, is responsible for the failure to serve them. Id. at 3. The court directed the USMS to file an affidavit explaining the attempts it made to serve UMCH, De'Maria, Wedgeworth, Morgan, and Dr. Enaw. Id. ¶2. The court also directed Abernathy to file an affidavit and memorandum seeking to show cause why all claims against Dr. Enaw, Wedgeworth, and Morgan should not be dismissed for failure to effect proper service within 120 days of the September 25, 2012 Order, and why the claims against UMCH and De'Maria should be reinstated. Id. ¶3.

The USMS timely filed its responses to the June 28, 2013 Order. See Affidavits of Christopher Perez and Kevin Wahl. On August 1, 2013, Abernathy filed a Motion for Extension of Time to August 14, 2013, to file his memorandum and affidavit. See Aug. 1,

2

2013 Mot. for Extn. of Time. On August 22, 2013, Abernathy filed another Motion for Extension of Time to file his responses. See Aug. 22, 2013 Motion for Extn. of Time.

On September 9, 2013, Abernathy filed a Motion to Accept the Memorandum and Affidavits as Timely with his response to the June 28, 2013 Memorandum and Order. Abernathy also filed a Motion to Strike Previous Affidavit, in which Abernathy asks the court to strike the contents of his July 8, 2013 Notice of Service and Process of Complaint and Summons on Defendants.

On September 11, 2013, defendants Wedgeworth and Morgan filed a Motion to Dismiss for insufficiency of service under Federal Rule of Civil Procedure 12(b)(5).

On October 28, 2013, Abernathy filed two Motions for Subpoena Duces Tecum, and one Motion for Service of Process of Subpoena on Non-Party by United States Marshals Service. On November 18, 2013, Abernathy filed a Motion for Joinder of Parties under Federal Rule of Civil Procedure 19(a)(2).

For the reasons described below, the court is deciding the pending motions as follows. Plaintiff's Motion to Accept the Memorandum and Affidavits as Timely is being allowed. Abernathy's Motions for Extension of Time are, therefore, moot. Abernathy's Motion to Strike his Previous Affidavit is being allowed. Defendants Wedgeworth and Morgan's Motion to Dismiss is being

allowed. The court is not reinstating the claims against De'Maria and UMCH. All claims against Dr. Augustine Enaw are being dismissed. Finally, Abernathy's Motions for Subpoena Duces Tecum, his Motion for Service of Process, and his Motion for Joinder of Parties are moot.

In essence, the claims against all of the defendants are being dismissed without deciding the merits. Therefore, this case is being dismissed without prejudice.

II. DISCUSSION

A. <u>Plaintiff's Motion to Accept the Memorandum and Affidavits as Timely and Motion to Strike Previous Affidavit</u>.

Abernathy was ordered to file his responses to the June 28, 2013 Memorandum and Order by July 30, 2013. His responses were filed with the motion to accept them as timely, on September 9, 2013.

Abernathy's responses are important to the issue of determining whether his efforts to effect service on the defendants were satisfactory. Therefore, the court is allowing Abernathy's request to file his responses late. Accordingly, Abernathy's two previous motions for extension of time are moot. As the court is considering Abernathy's September 9, 2013 submissions and affidavits, the court is also allowing Abernathy's motion to strike

his affidavit filed on July 8, 2013.

    B. <u>Motion to Dismiss of Defendants Wedgeworth and Morgan</u>.

On September 11, 2013, defendants Wedgeworth and Morgan, who are Court Officers, filed a Motion to Dismiss for insufficiency of service under Federal Rule of Civil Procedure 12(b)(5). Wedgeworth and Morgan state that the delivery of the summons and complaint to another employee at the state trial court, and not to the defendants, does not satisfy the requirements of Federal Rule of Civil Procedure 4(e)(2)(c). <u>See</u> Mot. to Dismiss at 1. Specifically, defendants state that Assistant Chief Anthony Festa, who accepted service on behalf of the Wedgeworth and Morgan, was not authorized to do so. <u>Id.</u> Wedgeworth and Morgan, therefore, request for the dismissal of all claims against them. <u>Id.</u> at 2.

The Local Rules of this District Court require a party to respond to a motion within 14 days after the motion is served. <u>See</u> Local Rule 7.1(B)(2). In the motion to dismiss, Assistant Attorney General Joseph Callanan certified that the defendants served the motion "upon all the parties, by electronically filing to all ECF registered parties and by sending a copy postage prepaid to all unregistered parties." <u>See</u> Mot. to Dismiss at 4. Abernathy has not filed an opposition to the motion to dismiss Wedgeworth and Morgan.

This case has been pending since 2010. It is important that the court manage its docket effectively, and the court has an

inherent power to dismiss a case sua sponte for any of the reasons prescribed in Federal Rule of Civil Procedure 41 (b). See Cintron-Lorenzo v. Departmento de Asuntos del Consumidor, 312 F.3d 522, 525-26 (1st Cir. 2002) (affirming the district court's dismissal of the case for lack of diligent prosecution by pro se plaintiff). In this case, Abernathy has failed to comply with the Rules of this court by not responding to the motion to dismiss. See Local Rule 7.1(B)(2). Abernathy's delay in responding to the motion is unduly delaying proceedings. Moreover, the motion to dismiss the claims against Wedgeworth and Morgan appears to be meritorious. Cf. Pomerleau v. West Springfield Public Schools, 362 F.3d 143, 145 (1st Cir. 2004) (holding that the district court is obliged to examine the merits of an unopposed Fed. R. Civ. P. 12 (b)(6) motion). Therefore, the court is allowing the motion to dismiss, and dismissing all claims against Wedgeworth and Morgan without prejudice. See Cintron-Lorenzo, 312 F.3d at 525-26.[1]

---

[1] In an unverified letter to the court, which was docketed on January 16, 2014 (Docket No. 64), Abernathy suggests that he may not have been served with Wedgeworth and Morgan's motion to dismiss. However, that motion includes a certification indicating that it was mailed to Abernathy on September 11, 2013. If Abernathy wishes to request reconsideration of the dismissal of Wedgeworth and Morgan, he shall, by April 25, 2014, file an affidavit: clarifying whether he was served with their motion; if he was served, stating when he received it; and, if not, stating how and when he learned of the motion. If a motion for reconsideration is filed, Wedgeworth and Morgan shall respond within 21 days.

C. Claims against De'Maria.

De'Maria is not a proper party to this action. Abernathy seeks to sue and serve the Medical Director of UMCH. Abernathy acknowledges that De'Maria is not the Medical Director of UMCH. See Amended Aff. of Abernathy ¶¶3-5. Therefore, it would be futile to reinstate the claims against De'Maria that were dismissed in the June 28, 2013 Memorandum and Order.

D. Claims against UMCH and Dr. Enaw.

Pursuant to the September 25, 2012 Memorandum and Order, Abernathy directed the USMS to serve UMCH and Dr. Enaw through De'Maria, in his purported capacity as Medical Director of UMCH. See Aff. of Kevin Wahl ¶2. However, as Abernathy acknowledges, De'Maria is not employed by UMCH in any capacity. See Amended Aff. of Abernathy ¶¶3-5. Therefore, the information Abernathy provided to the USMS was incorrect. Although Abernathy claims to have been misled as to the identity of the Medical Director of UMCH, he, rather than the USMS, is responsible for the failure to effect service on UMCH. Accordingly, the claims against UMCH that were dismissed in the June 28, 2013 Memorandum and Order are not being reinstated. See June 28, 2013 Memorandum and Order at 4 ("These claims may, however, be reinstated if the affidavit to be submitted by the Marshals Service indicates that it, rather than Abernathy, should be held responsible for the failure to serve these

7

defendants"). Similarly, because Abernathy was responsible for the failure to comply with the September 25, 2012 Memorandum and Order, and effect service, all claims against Dr. Enaw are being dismissed. See Cintron-Lorenzo, 312 F.3d at 525-26 ("A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)."). Once again, these dismissals are without prejudice.

E. Motions for Subpoena Duces Tecum and Motion for Service of Process of Subpoena on Non Party.

As this case is being dismissed, the Motions for Subpoena Duces Tecum and the Motion for Service of Process of Subpoena on Non-Party by United States Marshals Service are moot.

F. Motion for Joinder of Parties.

In Plaintiff's Motion for Joinder of Parties, Abernathy requests that the UMass Medical School, UMass Memorial Healthcare, and several of the institutions' officers be joined as parties under Federal Rule of Civil Procedure 19(a)(2). See Mot. for Joinder of Parties at 1-2. Abernathy states that in the absence of the proposed parties, "plaintiff will not be able to maintain an interest against Defendant Augustine Enaw and UMass Correctional Health, Inc." See Memo. in Supp. of Mot. for Joinder of Parties at 10. As all claims against Dr. Enaw and UMCH are being dismissed,

this motion too is moot.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion to Accept the Memorandum and Affidavits as Timely (Docket No. 54) is ALLOWED. Plaintiff's Motion for Extension of Time (Docket No. 50) and Motion for Another Extension of Time to File the Requested Memorandum (Docket No. 51) are MOOT.

2. Plaintiff's Motion to Strike Previous Affidavit (Docket No. 53) is ALLOWED.

3. The unopposed Motion to Dismiss by Defendants Court Officers Marc Wedgeworth and Vance Morgan (Docket No. 52) is ALLOWED, and all claims against Officers Wedgeworth and Morgan are DISMISSED without prejudice. Any motion for reconsideration of their dismissal, and supporting affidavit in the form described in footnote 1 of this Memorandum, shall be filed by April 25, 2014, and any response shall be filed within 21 days thereafter.

4. All claims against Dr. Augustine Enaw are DISMISSED without prejudice.

5. The claims against Alfred De'Maria and UMass Correctional Health, Inc. are not reinstated.

6. Plaintiff's Motions for Subpoena Duces Tecum (Docket Nos. 57 and 58) and Motion for Service of Process of Subpoena on Non-

Party by United States Marshals Service (Docket No. 59) are MOOT.

7. Plaintiff's Motion for Joinder of Parties (Docket No. 60) is MOOT.

8. As the claims as against all of the defendants have been dismissed without prejudice, this case is DISMISSED without prejudice.

_____/s/ Mark L. Wolf_____
UNITED STATES DISTRICT JUDGE
