```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
FRANKLIN B. ABERNATHY,          )
          Plaintiff,            )
                                )
          v.                    )     C.A. No. 10-11504-MLW
                                )
THOMAS DICKHAUT, ET AL.,        )
          Defendants.           )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          June 9, 2014

On March 31, 2014, the court allowed defendants Marc Wedgeworth and Vance Morgan's motion to dismiss as plaintiff Franklin B. Abernathy had failed to respond to it. See Mar. 31, 2014 Order at 5-6. However, because Abernathy suggested in a January 16, 2014 unverified letter to the court that he had not been served with the motion to dismiss, the court provided Abernathy an opportunity to file a motion requesting reconsideration of the dismissal of Wedgeworth and Morgan by April 25, 2014. Id. at 6 n.1.

On May 5, 2014, Abernathy filed a Motion for Reconsideration of Dismissal of Complaint Against Defendant Morgan and Wedgeworth (the "Motion"), and an affidavit in support of it. Abernathy requests that the court reconsider the dismissal Wedgeworth and Morgan because he did not receive the motion until January 27, 2014. See Mot. for Reconsideration at 1. In his affidavit, Abernathy states that "[o]n January 27, 2014, the Assistant

Attorney General, Jona C. Vered, sent a copy of the Motion to Dismiss." Abernathy Aff. ¶4. Abernathy further states that he "was unsure whether to answer the motion because the complaint was not served on the defendants [because] the U.S. Marshal Service errored [sic] in making proper service on defendant[s] Marc Wedgeworth and Vance Morgan." Id. ¶5. Wedgeworth and Morgan have opposed Abernathy's motion for reconsideration.

"Ruling on a motion for reconsideration requires a court to 'balance the need for finality against the duty to render just decisions.'" Galanis v. Szulik, 863 F. Supp. 2d 123, 124 (D. Mass. 2012) (quoting Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000)). To obtain relief on a motion for reconsideration, the movant must demonstrate that: (1) newly discovered evidence that was not previously available has come to light; (2) there has been an intervening change in the law; or (3) the earlier decision was based on a manifest error of law or was clearly unjust. See Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006). The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." Id.

In this case, the Motion is not meritorious. First, Abernathy was ordered to file any motion for reconsideration by April 25, 2014. See Mar. 31, 2014 Order ¶3. He did not do so until May 5, 2014. The Motion is, therefore, not timely and there does not

2

appear to be any reason to excuse the late filing.

Second, and more significantly, the court dismissed Wedgeworth and Morgan from this case without prejudice because Abernathy indicated that he had not been served with the motion to dismiss. See Mar. 31, 2014 Order at 6 n.4. However, Abernathy admits that he was served with the motion to dismiss on January 27, 2014. See Abernathy Aff. ¶4. He had the motion for at least two months and did not respond to it. The dismissal of Wedgeworth and Morgan was, therefore, not clearly unjust. See Palmer, 465 F.3d at 30. Indeed, he still has not provided any information that suggests the dismissal would not be justified on the merits.

In view of the foregoing, Abernathy's Motion for Reconsideration of Dismissal of Complaint Against Defendant Morgan and Wedgeworth (Docket No. 71) is hereby DENIED.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE
